UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ROBERT M. WINTERS, )
)
    *Petitioner*, )
v. ) No. 1:11-cv-10
) *Chief Judge Curtis L. Collier*
WARDEN JIM MORROW, )
)
    *Respondent*. )

## **MEMORANDUM**

This is a petition for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by Robert M. Winters ("Petitioner") (Court File No. 2). Petitioner, a prisoner confined at Southeastern Tennessee State Regional Correctional Facility in Pikeville, is attacking his October 2000 criminal convictions for first-degree felony murder and especially aggravated robbery from the Criminal Court of Hamilton County, in Chattanooga, Tennessee, for which he received a life sentence plus twelve-years, respectively. In his federal habeas petition, Petitioner claims the indictment failed to cite the pertinent statute and its language, the indictment failed to allege the essential elements of especially aggravated robbery and the use of a deadly weapon, and the State and court constructively amended the aggravated robbery charge to especially aggravated robbery (Court File No. 2).

Presently before the Court is Respondent's motion to dismiss (Court File No. 6). After reviewing the record and the applicable law, the Court concludes Petitioner's § 2254 petition is time-barred. Therefore, Respondent's motion to dismiss will be **GRANTED** (Court File No. 6), and Petitioner's § 2254 petition will be **DISMISSED** (Court File No. 2).

**I.    Motion to Dismiss**

In the motion to dismiss, Respondent argues the petition is barred by the applicable one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner counters that he did not file a direct appeal but rather, filed a state post-conviction petition and in 2010 filed a petition for writ of habeas corpus in state court (Court File No. 9).

A.  **Procedural History**

In 2000, Petitioner was convicted in the Criminal Court of Hamilton County, Tennessee of first-degree premeditated murder, first-degree felony murder, and aggravated robbery, for which he received consecutive life sentences plus twelve years respectively. Petitioner pursued a direct appeal. On November 7, 2003, the Tennessee Court of Criminal Appeals affirmed Petitioner's convictions and sentences for felony murder and aggravated robbery, and reversed and remanded for new trial, the first degree premeditated murder conviction and sentence (Court File No. 7-1). The Tennessee Supreme Court denied permission to appeal on March 22, 2004. *State v. Winters*, 137 S.W.3d 641 (Tenn. Crim. App., 2003), *perm. app. denied* (Tenn. March 22, 2004).[1]

On April 20, 2005, Petitioner filed a petition in the state trial court for post-conviction relief, which was denied by the trial court as barred by the statute of limitations (Court File No. 7-3, 7-4). The Tennessee Court of Criminal Appeals affirmed the trial court's finding that the post-conviction petitioner was untimely (Court File No. 7-5), *Winters v. State*, E2005-02349-CCA-R3-PC, 2005 WL 3479506 (Tenn. Crim. App. November 29, 2005), *perm. app. denied* (Tenn. May 1, 2006), *reh'g*

---

[1]  There is nothing before the Court indicating Petitioner was ever retried on the premeditated first-degree murder charge.

*denied*. (Tenn. June 8, 2006).[2]

**B.    Analysis**

Title 28 U.S.C. § 2244 provides for a one year statute of limitation to file an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner's state convictions became final and the one year habeas statute of limitations commenced on June 21, 2004, upon the lapse of the ninety-day period for filing a petition for certiorari in the Supreme Court of the United States seeking review of his direct appeal. 28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 522, 527-28 (2003); *Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir. 2000). Thus, Petitioner's habeas petition is only timely if the one-year period was tolled during the pendency of any properly filed state post-conviction petition or other collateral review. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

The Supreme Court has explained that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8(2000); *see also Wilberger v. Carter*, 35 F.3d Appx. 111 (6th Cir. 2002) (table decision), *available*

---

[2] It appears Petitioner subsequently filed two state petitions for a writ of habeas corpus– one on July 31, 2007, and a second sometime during 2009. Both were dismissed, and those proceedings are of no consequence to these proceedings, as the federal habeas statute expired prior to Petitioner filing those petitions (Court File Nos. 7-7, 7-8).

3

*in* 2002 WL 89671, at *3 (untimely state post-conviction petitions are not "properly filed" and will not toll the one-year statute of limitations).

Thus, to be "properly filed" under AEDPA, Petitioner's state application for collateral review must have complied with procedural filing requirements; thus, it must have been timely filed. Since Petitioner's state post-conviction petition was dismissed as untimely, it was not a "properly filed" petition and thus could not extend the time for filing a habeas corpus petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003) (federal courts must accept a state court's finding that post-conviction petition was untimely and untimely state post-conviction petition does not statutorily toll limitations). Because Petitioner's improperly filed state post-conviction petition did not toll the one-year statue of limitations applicable to his § 2254 petition, the one year statute of limitations for filing a habeas petition in Petitioner's case which commenced on June 21, 2004, expired on June 20, 2005. Consequently, Petitioner's habeas petition, which the Court generously deems filed on January 14, 2011,[3] was filed approximately five and one-half years after the expiration of the one year statute of limitation. Thus, it is time-barred by the statute of limitations.

The one-year statute of limitations period in 28 U.S.C. § 2244(d) is subject to equitable tolling upon showing by a petitioner that he diligently pursued his rights and that some extraordinary

---

[3] A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)); See Rule 4(c) Fed. R. App. P. Although it is highly questionable whether Petitioner should receive the benefit of the mailbox rule, since it is not clear that he mailed the document from the prison since a female friend who was typing the documents signed his name to the documents, regardless of whether the Court deems the petition as filed on the date on which it was postmarked or the date on which it was actually filed in Court, it, nevertheless, is untimely.

4

circumstance prevented him from timely filing his habeas petition, *Holland v. Florida* 130 S.Ct. 2549, 2560 (2010). Petitioner, who has the burden of establishing he is entitled to equitable tolling, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), has not alleged, much less demonstrated, any facts or circumstances that warrant equitable tolling. Moreover, there is nothing in the record before the Court to justify the equitable tolling of the limitation period. Accordingly, equitable tolling of the limitations period is not available to Petitioner and his habeas corpus petition is untimely under 28 U.S.C. § 2244.

**II. Conclusion**

Accordingly, for the reasons discussed above, Respondent's motion to dismiss will be **GRANTED** (Court File No. 6) and Petitioner's habeas corpus petition filed under 28 U.S.C. § 2254 will be **DISMISSED** as time-barred (Court File No. 2)**.**

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**